**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **EARL RANDOLPH SCOTT,** | : | |
| **Plaintiff,** | : | |
| **V.** | : | **NO. 7:26-cv-00204-WLS-CHW** |
| **LT. MOLLY MARSHALL, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER & RECOMMENDATION**

Plaintiff Earl Randolph Scott, a prisoner in Valdosta State Prison in Valdosta, Georgia, has filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. He has also filed a motion for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and a motion to appoint counsel. ECF No. 3. As set forth below, Plaintiff's motion to proceed IFP is **GRANTED**, and his motion for appointment of counsel is **DENIED**.

Plaintiff's complaint is now ripe for preliminary review. On that review, Plaintiff will be permitted to proceed on his deliberate indifference to safety claim against Defendants Lieutenant Molly Marshall and Mr. Chisolm. It is **RECOMMENDED** that Plaintiff's claim that Chisolm failed to investigate the assault be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2. As it appears Plaintiff is unable to prepay the cost of commencing this action, his application to proceed IFP is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I. Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's

custodian is authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II. Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## MOTION TO APPOINT COUNSEL

In his motion to appoint counsel, Plaintiff asserts that he is unable to afford counsel; his imprisonment will limit his ability to litigate this case, which he says is complex; he has limited access to the law library and knowledge of the law; and an attorney would be better able to present evidence and examine witnesses at trial, which he says will involve conflicting testimony. ECF No. 3 at 1. Plaintiff also states that he has repeatedly tried to obtain a lawyer to no avail. *Id.*

A district court "may request an attorney to represent any person unable to afford counsel."[1] 28 U.S.C. § 1915(e)(1). There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam) (citations omitted). Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* (citations omitted). In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

---

[1]The statute does not provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (per curiam) (citations omitted) (stating that the district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915(e)(1) provides no such authority).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that appointed counsel is not justified. Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court. Plaintiff's case is not complex. Additionally, at this early stage in the litigation, it is unclear if the case will proceed to trial. Thus, there is no basis to conclude that counsel will be needed for the presentation of evidence or cross examination of witnesses. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

Accordingly, Plaintiff's motion seeking appointed counsel (ECF No. 3) is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

### I. Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is

the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II. Factual Allegations

In the complaint, Plaintiff asserts that he was transferred from Hays State Prison to Valdosta State Prison on July 3, 2025. ECF No. 1-1 at 3. On his arrival, Plaintiff was assigned to a dorm in B1. *Id.* Plaintiff, who "is a Muslim and a retired member of the Gangster Disciples," was introduced to the Muslim leader in the dorm. *Id.* This individual asked Plaintiff if he was involved in a war between the Bloods and Muslims that had occurred at Hays State Prison in June 2025. *Id.* Plaintiff said that he was not and that there were not any Bloods in the dorm where he was housed at that prison. *Id.* The Muslim leader then said that Plaintiff "had to go to the hole until [it] could be verified that

[he] was not involved in the war." *Id.*

When officers came to the dorm later to do a count, the Muslim leader told them the situation, and then Defendant Lieutenant Molly Marshall came to the dorm. *Id.* Plaintiff tried to leave the dorm with Marshall, but several inmates followed them and assaulted Plaintiff with homemade knives and machetes. *Id.* at 3-4. Lieutenant Marshall did not have a taser or a can of chemical spray, so she did not physically intervene to stop the assault. *Id.* at 4. Instead, she just yelled at the inmates to stop. *Id.* Officer Chisolm was also on top of a nearby building and did not come down to help stop the assault. *Id.*

The inmates eventually stopped assaulting Plaintiff and ran back into the building. *Id.* The officers then locked the door and escorted Plaintiff to medical. *Id.* The medical staff tried to stop the bleeding and bandage Plaintiff's wounds until the ambulance arrived to take Plaintiff to the hospital where he received stitches for the stab wounds and oxygen for a collapsed lung. *Id.* Plaintiff also had a skull fracture and needed tendon surgery. *Id.* He was discharged from the hospital around July 14, 2025. *Id.* at 5.

On his return to Valdosta State Prison, Plaintiff was housed in administrative segregation because it was not known who had assaulted him, as the inmates had their faces covered during the assault. *Id.* Since the assault, Plaintiff has had migraine headaches, blurred vision, ringing in his right ear, and numbness in his right shoulder, arm, hand, and fingers. *Id.* Plaintiff asserts that prison officials have not let him participate in any physical therapy or scheduled him for a follow-up appointment with a neurologist. *Id.*

III. Plaintiff's Claims

A. Deliberate Indifference to Safety

In the complaint, Plaintiff asserts that Lieutenant Molly Marshall and Officer Chisolm were deliberately indifferent to his safety when they failed to physically intervene to stop the assault on him.[2] Jail and prison officials have a duty to protect inmates from violence at the hands of other inmates. *Mosley v. Zachery*, 966 F.3d 1265, 1270 (11th Cir. 2020). But not every instance of violence between inmates "translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Rather, it is only "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment." *Id.* at 828. To state a claim for deliberate indifference to an inmate's safety, a prisoner must allege facts to show: (1) a substantial risk of serious harm; (2) deliberate indifference to that risk; and (3) causation. *Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312, 1320 (11th Cir. 2016); *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013).

"The first element of an Eighth Amendment claim—a substantial risk of serious harm—is assessed under an objective standard." *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal citation omitted). To prevail, the prisoner must show "conditions that were extreme and posed an unreasonable risk of serious injury to his future

---

[2] Plaintiff frames his claim as to Marshall in terms of whether she was deliberately indifferent for failing to have a taser or chemical spray, but the crux of his claim is that she was deliberately indifferent for failing to intervene in the assault.

health or safety." *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (quoting *Lane*, 835 F.3d at 1307).

To establish deliberate indifference a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc) (first citing *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020); and then quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)). The first prong—subjective awareness—requires "that the prison 'official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007) (quoting *Farmer*, 511 U.S. at 837).

The second prong—disregard of the risk—is objective and the facts must show that the defendant responded to the known risk in an objectively unreasonable manner. *Marbury*, 936 F.3d at 1233 (citation omitted). "A reasonable decision does not have to be a perfect decision, and it does not require that any potential harm was actually averted." *Stalley v. Cumbie*, No. 22-10881, 2024 U.S. App. LEXIS 32885, at *32 (11th Cir. Dec. 30, 2024) (first citing *Farmer*, 511 U.S. at 844; and then citing *Mosley v. Zachery*, 966 F.3d 1265, 1271-72 (11th Cir. 2020)).

The third prong—subjective recklessness—is satisfied only if the plaintiff shows "that the defendant actually knew that his conduct—his own acts or omissions—put the

plaintiff at substantial risk of serious harm." *Wade*, 106 F.4th at 1253. Even when a defendant has subjective knowledge of a serious risk, "a defendant who 'responds reasonably' to [such] a risk . . . 'cannot be found liable' under the Eighth Amendment." *Id.* at 1255 (quoting *Farmer*, 511 U.S. at 845). "Each individual [d]efendant must be judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008). A defendant cannot be deliberately indifferent to an excessive risk of inmate violence unless he 'had the capability (authority and means) to provide adequate security and did not do so." *Williams v. Bennett*, 689 F.2d 1370, 1389 (11th Cir. 1982).[3]

To establish causation, "the plaintiff must show a 'necessary causal link' between the officer's failure to act reasonably and the plaintiff's injury. *Marbury*, 936 F.3d at 1233 (citation omitted). This inquiry focuses "on whether an official's acts or omissions were the cause—not merely a contributing factor—of the constitutionally infirm condition." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). "[T]he 'critical' question is whether [the defendant] was 'in a position to take steps that could have averted the [injury] . . . but, through [deliberate] indifference, failed to do so.' To determine whether [the

[3]As one court noted, there is overlap between deliberate indifference and causation: "To be clear, authority and means to remedy the excessive risk of inmate violence bears directly on causation; however, it overlaps with deliberate indifference because an official can rarely manifest a deliberately indifferent state of mind by failing to do something that was not in the official's power to do. Accordingly, the court considers authority and power as to deliberate indifference and causation." *Barefield v. Dunn*, 688 F. Supp. 3d 1026, 1075 n.28 (M.D. Ala. 2023).

defendant] caused [the] injury, [the Court] look[s] at his 'duties, discretion, and means.'" *Rodriguez*, 508 F.3d at 622 (citation omitted). Causation is demonstrated when the plaintiff shows a defendant "(1) 'had the means substantially to improve' the inmate's safety, (2) 'knew that the actions he undertook would be insufficient to provide [the inmate] with reasonable protection from violence,' and (3) had 'other means [] available to him which he nevertheless disregarded.'" *Id.* (alteration in original) (citation omitted).

Plaintiff asserts that a dangerous condition existed insofar as he was assaulted by other prisoners. Both Lieutenant Marshall and Officer Chisolm were aware of the dangerous condition because they saw it happening. Because Lieutenant Marshall was in the immediate area, it appears from Plaintiff's allegations that she could have physically intervened but did not do so because she did not have a taser or chemical spray. Although it is less clear from Plaintiff's allegations that Officer Chisolm was in a position to intervene, as Plaintiff asserts that Chisolm "was sitting on top of the building," Plaintiff appears to be asserting that Chisolm could have reached the inmates before they stopped assaulting Plaintiff on their own.

Accepting Plaintiff's allegations as true and construing them in his favor, he has alleged sufficient facts to survive preliminary review. Thus, plaintiff will be permitted to proceed for further factual development on his claim that Lieutenant Marshall and Officer Chisolm were deliberately indifferent to his safety by failing to intervene to stop the assault.

B. <u>Failure to Investigate</u>

Plaintiff also asserts that Chisolm failed to conduct "a full investigation" into the

assault. An individual does not have a constitutional right to have a situation investigated or another individual punished. *See Vinyard v. Wilson*, 311 F.3d 1340, 1355-56 (11th Cir. 2002) (holding that a plaintiff did not have a due process claim based on an alleged failure to investigate an incident of excessive force); *see also Jacoby v. PREA Coordinator*, 2017 WL 2962858, at *4 (M.D. Ala. 2017) (holding that a plaintiff had failed to state a constitutional claim because "[t]he failure to investigate the plaintiff's claims in a manner satisfactory to the plaintiff is not a constitutional violation," and collecting cases in support of that conclusion). Therefore, to the extent that Plaintiff was attempting to state a claim against Chisolm for failure to investigate the assault, it is **RECOMMENDED** that this claim be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

IV. Conclusion

As set forth above, Plaintiff will be permitted to proceed on his deliberate indifference to safety claim against Defendants Lieutenant Molly Marshall and Mr. Chisolm. It is **RECOMMENDED** that Plaintiff's claim that Chisolm failed to investigate the assault be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with United States District Judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written

objections. Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**ORDER FOR SERVICE**

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Lieutenant Molly Marshall and Mr. Chisolm, it is accordingly **ORDERED** that service be made on Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

**DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

**DUTY TO PROSECUTE ACTION**

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil

Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS,**
**PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties

are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal

Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

**IT IS FURTHER ORDERED** that Defendants comply with the attached "Required Disclosure of the Existence of Video or Photographic Evidence When Plaintiff Files Suit Against One or More Georgia Department of Corrections Employees Relating to Events That Occurred During Plaintiff's Incarceration within the Georgia Department of Corrections."

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 5th day of November, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

**REQUIRED DISCLOSURE OF THE EXISTENCE OF VIDEO OR PHOTOGRAPHIC EVIDENCE WHEN PLAINTIFF FILES SUIT AGAINST ONE OR MORE GEORGIA DEPARTMENT OF CORRECTIONS EMPLOYEES RELATING TO EVENTS THAT OCCURRED DURING PLAINTIFF'S INCARCERATION WITHIN THE GEORGIA DEPARTMENT OF CORRECTIONS**

Counsel for the Defendants shall confer with the Defendants and with appropriate Georgia Department of Corrections ("GDC") staff, and no later than 30 days from the date of entry of this Required Disclosure file the following disclosures:

(1) State whether, at the time of the incident alleged in the complaint, the facility had stationary or mounted cameras in the area where that incident allegedly occurred.

(2) If so, state whether those cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and the identity of the custodian of the recordings. If the recordings have not been preserved, explain in detail why.

(3) State whether body-worn or handheld cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and identify the custodian of the recordings. If the recordings have not been preserved, explain in detail why.

(4) If Plaintiff complains of a use of force (either anticipated, spontaneous, or unanticipated) as that term is defined in the GDC Standard Operating Procedure, Use of Video Recording Equipment, Policy No. 204.11, and the GDC Standard Operating Procedure, Use of Force and Restraint for Offender Control, Policy No. 209.04, identify the custodian of any recordings of the events alleged. If there are no available recordings, explain in detail why the events were not recorded or, if recorded but no longer available, why the recordings were not preserved.

(5) Identify all GDC employees contacted to gather the information required by this disclosure.

Counsel is directed to preserve all video recordings and any photographs that may have captured the events giving rise to the complaint. Failure to do so may result in the imposition of sanctions.